## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TARA O'MEALLIE AND 600
EAST GUIDRY 70433 LLC**                          **CIVIL ACTION**

**VERSUS**                                       **NO: 22-4081**

**GREAT LAKES REINSURANCE (UK)**                 **SECTION: "H"**
**PLC AND GREAT LAKES INSURANCE
SE**

### ORDER AND REASONS

Before the Court is Defendants Great Lakes Reinsurance (UK) PLC and Great Lakes Insurance SE's Motion to Dismiss (Doc. 29). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiffs Tara O'Meallie and 600 East Guidry 70433 LLC allege that their property at 600 E. Guidry St., Covington, LA (the "Property") was damaged as a result of Hurricane Ida. Gulf Coast Bank and Trust Company ("Gulf Coast Bank") was the mortgagee on the Property. Defendant Great Lakes Insurance SE insured the Property during the relevant time period

pursuant to a policy force-placed by Gulf Coast Bank ("the Policy").[1] Plaintiffs admit that Gulf Coast Bank is the named insured on the Policy.[2]

Following the damage sustained during Hurricane Ida, Plaintiffs filed a petition for damages against Defendant in the 22nd Judicial District Court for the Parish of St. Tammany, and Defendant removed the matter to this Court on the basis of diversity jurisdiction. Plaintiffs alleged that Defendant failed to pay them the full amount required to repair the damage to their Property. In response, Defendant filed a Motion to Dismiss Plaintiffs' claims because they are not named insureds or beneficiaries under the Policy.

Before Defendant's Motion to Dismiss was decided, Plaintiffs filed an Amended Complaint adding additional allegations.[3] Specifically, Plaintiffs now allege that Defendant threatened Gulf Coast Bank with cancelling or refusing to renew the Policy if it joined as a plaintiff in this litigation. Plaintiffs bring claims for breach of contract, bad faith, unfair claims handling practices, tortious interference with contract, unfair and deceptive trade practices, and unjust enrichment.

Defendant now move to dismiss all claims asserted by Plaintiffs in their Amended Complaint. Defendant alleges that Plaintiffs cannot succeed on their claims because (1) they are not named insureds on the Policy, (2) they do not have a private right of action to bring claims for unfair claims handling or trade practices, (3) they have not directed their tortious interference claim at a

---

[1] Great Lakes Insurance SE was formerly known as Great Lakes Reinsurance (UK) PLC, and Great Lakes Reinsurance (UK) PLC was improperly named as a defendant.).

[2] "'Force-placed' insurance refers to when mortgage lenders require homeowners to maintain hazard insurance on the mortgaged property to protect the lender's interest in the collateral. With a 'force-placed' insurance policy, if a homeowner fails to obtain the required coverage, the lender can independently acquire the insurance and add the cost of the premiums to the principal due under the note." Robinson v. Standard Mortg. Corp., No. CV 15-4123, 2016 WL 4467856, at *1 (E.D. La. Aug. 24, 2016).

[3] Defendant's first Motion to Dismiss was denied as moot in light of the Amended Complaint. Doc. 28.

corporate officer, and (4) the Policy bars an unjust enrichment claim. Plaintiffs oppose.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] However, the Court need not accept as true legal conclusions couched as factual allegations.[7]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[9] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[10]

## LAW AND ANALYSIS

The Court will consider Defendant's arguments for dismissal of each of Plaintiffs' claims in turn.

### A. Breach of Contract

---

[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[5] Id.

[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[7] Iqbal, 556 U.S. at 678.

[8] Id.

[9] Id. at 678 (quoting Twombly, 550 U.S. at 555).

[10] Lormand, 565 F.3d at 255–57.

First, Plaintiffs bring a breach of contract claim because Defendant failed to timely tender adequate funds due under the Policy. Defendant argues that Plaintiffs cannot succeed on this claim because they are not named insureds or beneficiaries on the Policy. "Under Louisiana law, '[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.'"[11] "To state a claim under an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy."[12]

It is undisputed that Gulf Coast Bank is the only named insured on the Policy. Plaintiffs' Complaint does not allege that they are insureds under the Policy, third-party beneficiaries, or otherwise in privity to the contract. To be considered a third-party beneficiary under Louisiana law, the stipulation must be "manifestly clear" and is never presumed.[13] The Policy does not contain a clear manifestation of an intent to have Plaintiffs as third-party beneficiaries. Accordingly, pursuant to the plain language of the Policy, Plaintiffs are not insureds or beneficiaries under the Policy and therefore do not have a right to bring claims for breach thereof. Therefore, Plaintiffs' breach of contract claims are dismissed.

### B. Statutory Bad Faith Penalties

Plaintiffs next claim that Defendant is liable for statutory bad faith penalties under Louisiana Revised Statutes §§ 22:1892 and 22:1973. Defendant correctly argues that because Plaintiffs have not stated a breach of

---

[11] *In re* Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007) (quoting Cadwallader v. Allstate Ins. Co., 848 So. 2d 577, 580 (La. 2003)).

[12] Barbe v. Ocwen Loan Servicing, LLC, 383 F. Supp. 3d 634, 641 (E.D. La. 2019)

[13] Price v. Hous. Auth. of New Orleans, 453 Fed. App'x 446, 450 (5th Cir. App. 2011); Joseph v. Hosp. Serv. Dist. No. 2 of the Parish of St. Mary, 939 So. 2d 1206, 1212 (La. 2006).

contract claim, they cannot succeed on their claims for bad faith claims handling practices.[14] These claims are likewise dismissed.

### C. Unfair Claims Handling Practices

Next, Plaintiffs claim that Defendant engaged in unfair claim handling practices in violation of Louisiana Revised Statutes § 22:1964 by failing to acknowledge and react promptly to claims under the policy, failing to adopt reasonable standards for prompt investigation of claims, refusing to pay claims, not attempting good faith settlements, delaying investigation, and failing to promptly provide reasonable explanation. Defendant argues, and Plaintiffs acknowledge, that there is no private cause of action under § 1964.[15] Accordingly, that claim is dismissed.

### D. Tortious Interference with Contract

Plaintiffs next claim that Defendant engaged in tortious interference with contract by interfering with the contractual relationship between Plaintiffs and Gulf Coast Bank. They argue that Defendant threatened to cancel or not renew the Policy if Gulf Coast Bank pursued a claim thereunder and subsequently induced Gulf Coast Bank to breach its obligations under the mortgage agreement to make payment to Plaintiffs for amounts recovered under the Policy. Defendant argues that Plaintiffs have not alleged the elements of a tortious interference with contract claim because they have not identified a claim against any corporate officer.

"Tortious interference with contract was recognized in a limited fashion by the Supreme Court of Louisiana . . . and to date the holding has been restricted to the precise cause of action it explicates: that is a situation

---

[14] *Barbe*, 383 F. Supp. 3d at 643.

[15] LaFontaine v. Mass. Mut. Life Ins. Co., No. CV 20-3458-WBV-DPC, 2021 WL 4268921, at *9 (E.D. La. Aug. 20, 2021); Watson v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. 14-1312, 2015 WL 5714635, at *5 (E.D. La. Sept. 29, 2015).

involving a corporation, an officer of the corporation, and a contract between the corporation and a third party."[16] A claim for tortious interference with contract must be directed at an individual officer and not the entire entity.[17] Plaintiffs admit that they have not met the element of directing the claim at an officer.[18] Therefore, Plaintiffs fail to meet the necessary elements to bring a claim for tortious interference with contract.

Although not expressly alleged in their Complaint, Plaintiffs contend that the Complaint sufficiently alleges facts to support a claim for tortious interference with business relations. Louisiana courts have recognized a limited cause of action for tortious interference with business relations.

> Louisiana law protects the businessman from malicious and wanton interference, permitting only interferences designed to protect a legitimate interest of the actor. The plaintiff in a tortious interference with business suit must show by a preponderance of the evidence that the defendant improperly influenced others not to deal with the plaintiff. It is not enough to allege that a defendant's actions affected the plaintiff's business interests; the plaintiff must allege that the defendant actually prevented the plaintiff from dealing with a third party.[19]

"Louisiana courts have limited this cause of action by imposing a malice element, which requires that the plaintiff show the defendant acted with actual malice."[20] That is, the plaintiff must make a showing that the defendant acted out of spite or ill will.[21] "Actual malice must be pleaded in the complaint."[22]

---

[16] Restivo v. Hanger Prosthetics & Orthotics, Inc., 483 F. Supp. 2d 521, 536 (E.D. La. 2007).

[17] Boudreaux v. OS Rest. Servs., L.L.C., 58 F. Supp. 3d 634, 638 (E.D. La. 2014); Magnolia Fin. Grp. v. Antos, No. 15-7144, 2016 WL 7407174, at *3 (E.D. La. Dec. 22, 2016).

[18] Doc. 31.

[19] Henderson v. Bailey Bark Materials, 116 So. 3d 30, 37 (La. App. 2 Cir. 2013).

[20] Bogues v. La. Energy Consultants, Inc., 71 So. 3d 1128, 1135 (La. App. 2 Cir. 2011).

[21] Id.

[22] Henderson, 116 So. 3d at 37.

Plaintiffs' Complaint does not allege sufficient facts to support a claim for tortious interference with business relations. There is no allegation that Defendant prevented Plaintiffs from working with Gulf Coast Bank or otherwise interfered with their mortgage agreement. Further, there are no allegations that Defendant acted with an actual malice. Accordingly, the allegations of the Complaint do not support a claim for tortious interference with a contract or business relations.

### E. Unfair Trade Practices

Plaintiffs claim Defendant engaged in unfair or deceptive acts or practices in the business of insurance in violation of the Louisiana Unfair Trade Practices Act ("LUTPA"). Specifically, Plaintiffs allege that Defendant coerced and intimidated Gulf Coast Bank against pursuing a claim under the Policy. Defendant argues that there is no private right of action under LUTPA in the insurance context.

Indeed, LUTPA states that "[t]he provisions of this Chapter shall not apply to . . . [a]ny . . . actions or transactions subject to the jurisdiction of . . . the insurance commissioner."[23] The Louisiana Insurance Code makes clear that unfair trade practices in the insurance context fall under the jurisdiction of the insurance commissioner.[24] In making an *Erie* guess, the Fifth Circuit held in *Century Surety Co. v. Blevins* that LUTPA does not provide for a private cause of action for a person allegedly injured by unfair trade practices in the

---

[23] LA. REV. STAT. § 51:1406.

[24] Cougle v. Berkshire Life Ins. Co. of Am., 429 F. Supp. 3d 208, 219 (E.D. La. 2019).

insurance business.[25] *Blevins* is binding on this Court, and Plaintiffs' LUTPA claim is therefore dismissed.[26]

### F. Unjust Enrichment

Finally, Plaintiffs' claim that they are entitled to recover damages against Defendant for unjust enrichment because "Defendant is not required to pay insurance proceeds, statutory penalties, and attorney's fees that it would otherwise be required to pay under the terms of the Policy and Louisiana law due to Defendant's coercion and intimidation of Gulf Coast Bank into not joining or intervening in this lawsuit, or otherwise pursuing the valid insurance claim, in its capacity as the named insured under the Policy."[27] Defendant argues that Plaintiffs' unjust enrichment claim must fail because any enrichment it received was justified by a valid contract between it and Gulf Coast Bank.

In order to succeed on an unjust enrichment claim, Plaintiffs must show: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other available remedy at law."[28] "Louisiana law provides that no unjust enrichment claim shall lie when the claim is based on a relationship that is controlled by an enforceable contract."[29] Defendant alleges that coverage of Plaintiffs' Property is controlled

---

[25] Century Sur. Co. v. Blevins, 799 F.3d 366, 372 (5th Cir. 2015). In their opposition, Plaintiffs asks this Court to rely instead on the Fifth Circuit's 1986 decision in *Lamarque v. Massachusetts Indem. & Life Ins. Co.*, 794 F.2d 197, 198 (5th Cir. 1986). However, in *Blevins* in 2015, the Fifth Circuit chose to follow the more recent Louisiana First Circuit Court of Appeals case, *Clausen v. Fidelity & Deposit Co. of Md*. and expressly held that "*Clausen*, not *Lamarque*, directs our inquiry." *Id.*

[26] Meins v. Allied Tr. Ins. Co., No. 2:22-CV-4657, 2023 WL 372086, at *3 (E.D. La. Jan. 24, 2023).

[27] Doc. 27 at 19–20.

[28] Zeising v. Shelton, 648 Fed. App'x 434, 437 (5th Cir. 2016).

[29] *Barbe*, 383 F. Supp. 3d at 648.

exclusively by the Policy issued to Gulf Coast Bank, and the mortgage agreement between Plaintiffs and Gulf Coast Bank controls their agreement regarding insurance coverage for the Property. It argues that these valid contracts preclude an unjust enrichment claim.

In response, Plaintiffs contend that there must be a contract between them and Defendant to preclude an unjust enrichment claim. However in *Zeising v. Shelton*, the Fifth Circuit Court of Appeals clarified that the question is whether there is a contract between the impoverishee and the enrichee or between a third-party and the enrichee.[30] The existence of a valid juridical act, which can be with a third-party, is sufficient to prevent a plaintiff from satisfying the element of an absence of justification.[31] Here, the Policy between Defendant and Gulf Coast Bank is the justification for any enrichment received by Defendant. The mortgage agreement between Plaintiffs and Gulf Coast Bank is the justification for any impoverishment suffered by Plaintiffs.[32] Plaintiffs therefore fail to show all of the elements necessary for an unjust enrichment claim, and Plaintiffs' unjust enrichment claim is dismissed.

The Court declines Plaintiffs' request to amend their Complaint for a second time. Plaintiffs have already had an opportunity to amend their Complaint, and further amendment would not cure the deficiencies identified herein.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE.**

---

[30] *Zeising*, 648 Fed. App'x at 439.
[31] *Id.* at 441.
[32] *See Barbe*, 383 F. Supp. 3d at 648.

9

New Orleans, Louisiana this 27th day of June, 2023.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**